IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KORNELL STRENGER, M54812, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-00237-SMY |
| | ) |
| B.H.T. JANE DOE 1, | ) |
| B.H.T. JANE DOE 2, | ) |
| C/O JON DOE, | ) |
| DR. JON DOE, | ) |
| WEXFORD NURSES AND DOCTORS, | ) |
| SGT. JON DOE 2, | ) |
| C/O JANE DOE 3, | ) |
| LT. JANE DOE 4, | ) |
| NURSE JANE DOE 5, | ) |
| I.A. COREY VAUGHN, | ) |
| C/O JON DOE 3, | ) |
| and SGT. JANE DOE 6, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kornell Strenger, an inmate in the custody of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 against prison officials who allegedly failed to protect him from an inmate attack and denied him medical treatment for his injuries at Pinckneyville Correctional Center. (Doc. 6, pp. 1-26). He seeks monetary and injunctive relief.[1] *Id*. at 21. The Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to

---

[1] Plaintiff specifically seeks a transfer to a prison that can address his mental health issues. However, he is no longer housed at the prison where the events giving rise to this action occurred (Pinckneyville), and he makes no claim for inadequate mental health care at his current facility (Menard). This case also does not address any claims for the denial of mental health treatment, so the related request for injunctive relief exceeds the scope of this case and is **DENIED**.

1

screen and filter out portions that are legally frivolous or malicious, fail to state a claim for relief, or seek money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

## Amended Complaint

Plaintiff makes the following allegations in the Amended Complaint (Doc. 6, pp. 1-26): During the last week of February 2023, Plaintiff asked C/O Jon Doe (4-C officer) for a crisis team at Pinckneyville Correctional Center (Pinckneyville). *Id*. at 15. C/O Jon Doe instructed him to go to the prison's health care unit (HCU) without an escort. *Id*.

Once there, Plaintiff told B.H.T. Jane Doe 1 that he was not suicidal, but feared that his cellmate would harm him. Plaintiff was known for stripping naked in the prison yard, and this caused other inmates to tease Plaintiff and his cellmate. B.H.T. Jane Doe 1 instructed Plaintiff to leave the room and Plaintiff refused. He asked to speak with another staff member. *Id*.

B.H.T. Jane Doe 2 entered the room to speak with Plaintiff. When he reported fear of attack by his cellmate, B.H.T. Jane Doe 2 told Plaintiff that he could not receive crisis counseling for cellmate issues. To avoid returning to his cell and facing his cellmate, Plaintiff reported feeling homicidal and said he would do anything in his power to protect himself. B.H.T. Jane Doe 2 told him to get out of the HCU, and he again refused. Plaintiff asked to speak with "I.A." (internal affairs) around 1:30 or 2:00 p.m., but his request was denied. He began to cry. Plaintiff called the HCU Sergeant John Doe 2 and told him what happened. Meanwhile, C/O Jane Doe 3 tried to take Plaintiff to segregation for refusing to leave the HCU. The sergeant promised to get Plaintiff help, but he never did. *Id*.

Around midnight on March 3, 2023, Plaintiff was beaten and repeatedly stabbed by his cellmate. Plaintiff's cellmate then threatened to kill him if he did not get out of the cell, prompting Plaintiff to beg for crisis intervention again around 3:30 or 4:00 a.m. Lieutenant Jane Doe 4

escorted him to the C wing shower and HCU to meet with Nurse Jane Doe 5. When she asked Plaintiff who did this, he reported his "celly." *Id*.

Plaintiff was finally taken to crisis watch around 8:30 a.m. on March 3, 2023. B.H.T. Jane Doe 2, the same person who denied his original request for crisis watch in late February, was responsible for watching him in March. *Id*. at 16. I.A. Officer Corey Vaughn interviewed Plaintiff and took photographs of his injuries, including stab wounds to his left eye and right upper shoulder, arm, and back. Plaintiff never received medical care or antibiotics for his wounds. He filed grievances to complain. However, correctional officers[2] tampered with his mail in retaliation for a minor staff assault charge against Plaintiff. *Id*.

## Discussion

The Court designates the following claims in the *pro se* Amended Complaint:

**Count 1:** Eighth Amendment claim against Defendants for failing to intervene and protect Plaintiff from an attack by his cellmate on March 3, 2023, after Plaintiff reported concerns about a life-threatening attack by the same inmate in late February 2023.

**Count 2:** Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's serious injuries sustained in the attack by his cellmate on or around March 3, 2023.

Any other claim mentioned in the Amended Complaint but not addressed herein is considered dismissed without prejudice under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face").

## Count 1

The Eighth Amendment imposes a duty on prison officials to take reasonable steps to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825,

---

[2] Plaintiff does not name the correctional officers as defendants or bring any claims against them. Any claim for mail interference is considered dismissed without prejudice from this action.

833 (1994); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). A plaintiff asserting a failure-to-protect claim against prison officials must set forth allegations demonstrating that he was incarcerated under conditions posing a substantial risk to his health or safety, and that each defendant responded with deliberate indifference. *Id*. He is required to identify a specific, impending, and substantial threat. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Potential attacks from other inmates may constitute a substantial risk of harm. *Beatty v. Henshaw*, 826 F. App'x 561, 564 (7th Cir. at 2020); *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (Eighth Amendment protects against future harm to inmates).

Plaintiff claims he told certain defendants about his fear of an attack by his cellmate, who was teased for sharing the same cell with Plaintiff following a stripping incident in the prison yard. He allegedly reported his concerns to B.H.T. Jane Doe 1, B.H.T. Jane Doe 2, and Sergeant Jon Doe 2, who disregarded his concerns and sent him back to his cell in late February 2023. The next week, his cellmate beat and stabbed him on March 3, 2023. Based on these allegations, Plaintiff will be allowed to proceed with his failure-to-protect claim against B.H.T. Jane Doe 1, B.H.T. Jane Doe 2, and Sergeant John Doe 2.

However, Plaintiff does not allege that he told any other defendants about a fear of attack, threats of attack, or any actual harm posed by his cellmate. Nor does he plead facts suggesting that the other defendants were already aware of a substantial risk of harm posed by his cellmate and still failed to intervene and protect him. Section 1983 liability requires each defendant to be personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). Here, Plaintiff does not allege the requisite personal involvement by anyone other than B.H.T. Jane Doe 1 and 2 and Sergeant Jon Doe 2. Therefore, Count 1 will be dismissed without prejudice against all other defendants.

**Count 2**

An Eighth Amendment claim may arise from the denial of adequate medical care of an inmate. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). To state a claim, a plaintiff must allege: (1) a serious medical condition (objective element); and (2) an official's deliberate indifference to that condition (subjective element). *Id*.

Plaintiff describes serious injuries he sustained on or around March 3, 2025, but does not allege that any defendant knew of these injuries and deliberately disregarded them. According to the allegations, Lieutenant Jane Doe 4 escorted Plaintiff to meet with Nurse Jane Doe 5 for treatment of his injuries on the date of his attack. He offers few details about this appointment with the nurse and identifies no other defendants in connection with his claim of inadequate medical care. Count 2 will therefore be dismissed without prejudice against the defendants for failure to state a claim.

**Identification of Unknown Defendants**

Plaintiff will be allowed to proceed with Count 1 against B.H.T. Jane Doe 1, B.H.T. Jane Doe 2, and Sergeant Jon Doe 2. However, these defendants must be identified by name before service of the lawsuit can be made on them. Plaintiff will have the opportunity to engage in limited discovery to ascertain each unknown defendant's identity. The Current Warden of Pinckneyville Correctional Center will be added as a defendant, in an official capacity, and will be responsible for responding to discovery aimed at identifying the unknown defendants by first and last name. Once the warden enters an appearance, the Court will enter a Doe Identification Order with instructions and deadlines for exchanging information to help identify these defendants. Once their names are discovered, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the Amended Complaint.

**Pending Motion**

Plaintiff's Second Motion for Recruitment of Counsel (Doc. 19) is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors to consider when *pro se* litigant requests court-appointed counsel). Plaintiff's first motion was denied because the Complaint was not yet screened, and he demonstrated insufficient efforts to find counsel. (Doc. 9). In the second motion, Plaintiff discloses no additional efforts to find an attorney, while also demonstrating his ability to litigate this matter without one at this early stage. Plaintiff prepared a coherent Complaint that survives screening under 28 U.S.C. § 1915A. He has also demonstrated his ability to prepare motions, meet deadlines, and move this matter forward effectively. If the case become too difficult to litigate *pro se* at later stages, Plaintiff may renew his request for counsel by filing a new motion, along with three or more rejection letters from attorneys who have declined to represent him or a detailed description of his efforts to find counsel including the dates of each attempt, the names of each attorney/firm, and the response he received.

**Disposition**

The Amended Complaint (Doc. 6) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will receive further review against Defendants **B.H.T. JANE DOE 1, B.H.T. JANE DOE 2,** and **SERGEANT JON DOE 2**, once they are identified and served with this lawsuit. However, **COUNT 1** is **DISMISSED** without prejudice against all other defendants for failure to state a claim against them, and **COUNT 2** is **DISMISSED** without prejudice against **ALL DEFENDANTS** on the same ground.

The **CURRENT WARDEN of PINCKNEYVILLE CORRECTIONAL CENTER (official capacity only)** is **ADDED** as a defendant and is responsible for responding to discovery aimed at identifying the unknown defendants by name.

With respect to **COUNT 1**, the Clerk of Court shall prepare for Defendants **CURRENT WARDEN OF PINCKNEYVILLE CORRECTIONAL CENTER (official capacity)** and, once identified, **B.H.T. JANE DOE 1, B.H.T. JANE DOE 2,** and **SERGEANT JON DOE 2 (individual capacities)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 6), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint (Doc. 6) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.  Defendant Current Warden need only appear in this matter and need not answer or otherwise respond to the Amended Complaint.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* application was granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ADD the CURRENT WARDEN of PINCKNEYVILLE CORRECTIONAL CENTER (official capacity only) as a party in CM/ECF and TERMINATE ALL DEFENDANTS,** *other than* **B.H.T. Jane Doe 1 and 2 and Sergeant Jon Doe 2, as parties in CM/ECF.**

**IT IS SO ORDERED.**

**DATED:  June 9, 2025**                                   **s/ *Staci M. Yandle*            **
                                                                                  **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint, beginning with entry of a Doe Identification Order containing instructions and deadlines for the Plaintiff and Current Warden of Pinckneyville Correctional Center to identify all unknown defendants. Once defendants enter their appearance and file an Answer to your Amended Complaint, it will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**